**Michael Ray SMITH, Plaintiff–Appellant,**

**v.**

**EPHRAIM MCDOWELL REGIONAL MEDICAL CENTER; Freda Duncan; Britt Reynolds; Boyle County; Chris Hill, in his Official Capacity; Steve Williams, in his Official Capacity; Clarence Lafferty, in his Official Capacity, Defendants–Appellees.**

**No. 01–6429.**

United States Court of Appeals, Sixth Circuit.

June 24, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

### ORDER

Michael Ray Smith, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Seeking monetary and injunctive relief, Smith filed a complaint against Ephraim McDowell Regional Medical Center; Freda Duncan, a registered nurse employed by Ephraim; and Britt T. Reynolds, President and Chief Executive Officer of Ephraim (collectively referred to as the hospital defendants). Smith also sued Boyle County, Kentucky; the City of Danville, Kentucky; Chris Hill, jailer of the Boyle County Detention Center ("BCDC"); and Steve Williams and Clarence Lafferty, guards employed at the BCDC (collectively referred to as the county defendants). Smith alleged that on May 15, 2000, while he was incarcerated at the BCDC, he began having severe chest pain. Relying upon the Eighth Amendment, Smith alleged that the county defendants were deliberately indifferent to his serious medical needs because, in response to his complaints of chest pain, they denied him appropriate medical attention and treatment, placed him in the "hole" for three days, and refused to provide him with his prescribed medication, Verapamil. Smith was released from the BCDC on May 24, 2000.

On June 21, 2000, Smith alleged that he presented himself to Ephraim's emergency room because he was experiencing chest pain. While in the emergency room, a urinalysis was performed, which indicated the presence of various illegal drugs in Smith's urine. Smith alleged that the drug screen test results were false and that the hospital defendants conspired with the county defendants to place the false drug screen test results in his medical records. Smith further alleged that Duncan defamed and slandered him by indicating in his medical records that he had a "polysubstance drug abuse" problem for which he would receive care during his hospitalization. Smith requested Reynolds to remove the false drug screen test re-sults and Duncan's notations from his medical records, but Reynolds refused to do so. According to Smith, he has been denied social security benefits due to the false drug screen test results contained in his medical records.

The defendants filed motions for summary judgment, to which Smith responded. Smith also filed his own motion for summary judgment, to which the defendants responded. The district court granted the defendants' motions for summary judgment, denied Smith's motion for summary judgment, and dismissed the case. Smith has filed a timely appeal.

We review de novo the district court's grant of summary judgment. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the memorandum opinion and order filed on October 24, 2001. Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.